Ruth A. HUTCHISON and G.C. Hutchison, Plaintiffs-Appellants,

v.

ARO CORPORATION, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section, at Nashville.

March 25, 1983.*

Jerry C. Colley, Columbia, for plaintiffs-appellants.

* No application for permission to appeal to the Supreme Court was filed. However, publication of this opinion has been authorized by a majority of the members of the Court of Appeals pursuant to Rule 10 of the Rules of the Tennessee Court of Appeals.

Donald J. Ray, Tullahoma, John T. Bobo, Shelbyville, for defendant-appellee.

NEARN, Presiding Judge, Western Section.

An attempt has been made to appeal to this Court as a matter of right under Rule 4, Tennessee Rules of Appellate Procedure. The appeal is not one of right, is premature and we must dismiss same without prejudice.

At the close of plaintiffs' proof the defendant made a motion for a directed verdict based upon an alleged failure of plaintiffs' proof. The Trial Judge at that time denied the motion. The defendant stood on the motion and presented no proof. After consideration of the evidence, the jury returned a verdict for the plaintiff Ruth Hutchison in the amount of $55,000.00 and for her husband in the amount of $5,000.00. Thereafter, the defendant timely filed a motion under Rule 50.02, Tennessee Rules of Civil Procedure, for a judgment n.o.v. or as stated in the rules for "a judgment in accordance with his motion for a directed verdict." Simultaneously, the defendant moved for a new trial under Rule 59.01, Tennessee Rules of Civil Procedure, charging among other things that the verdicts evinced passion, prejudice or caprice. Subsequently, the Trial Judge granted the Rule 50.02 motion, set aside the jury verdict and entered judgment for the defendant. Within thirty days from the granting of the motion aforesaid, the plaintiff filed notice of appeal.

■ One reason we say no appeal lies as a matter of right, is that there has been no compliance with the mandate of Rule 50.03, Tennessee Rules of Civil Procedure. The pertinent provision of the Rule is as follows:

50.03. Conditional rulings on grant of motion.—If the motion for judgment entered in accordance with a motion for a directed verdict, provided for in 50.02 is granted, the court *shall* also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. If the motion for a new trial is thus conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court. (Emphasis supplied)

In fact, the record does not reveal that there has ever been a ruling made on the motion for a new trial—conditional or otherwise. In the case of *Holmes v. Wilson,* (1977 Tenn.) 551 S.W.2d 682, the Supreme Court held that action by the Trial Judge on the alternative motion for a new trial was mandatory for an appellate review of the Trial Judge's action on a Rule 50.02 motion. When the *Holmes* case first reached the Court of Appeals, prior to certiorari to the Supreme Court, this Court had held that such mandated action by the Trial Court was required and had *remanded* the case to the Trial Judge for action as required by Rule 50.03, Tennessee Rules of Civil Procedure. This procedure by the Court of Appeals was not faulted by the Supreme Court in its reported opinion, although other action of the Court of Appeals was reversed. However, since our action in the *Holmes* case, a significant change has occurred. The Tennessee Rules of Appellate Procedure have been adopted.

Tennessee Rules of Appellate Procedure, Rule 4, covers the appeal as of right. Section (b) thereof is as follows:

(b) Termination by Specified Timely Motions in Civil Actions.—In a civil action if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional

findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.03 to alter or amend the judgment; or (4) under Rule 59.01 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the filing or disposition of any of the above motions shall have no effect. The party making the motion after notice of appeal is filed shall move in the trial court for an order dismissing the appeal. A copy of the order of dismissal by the trial court shall be filed by the moving party with the clerk of the appellate court. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

A cursory reading of section (b) above might cause one to believe that an appeal of right is granted, in all instances from the Trial Court's ruling on a rule 50.02 motion. However, a perusal of section (b) should cause one to conclude that such right does exist only when no motion for a new trial has been filed. Rule 4, Tennessee Rules of Appellate Procedure, does provide that the time for appeal runs "from the entry of the order denying a new trial or granting or denying any other such motion." (Including a Rule 50.02 motion.) The next sentence of the Rules provides however, that "A notice of appeal filed before the filing or *disposition of any* of the above motions shall have no effect." In this case the notice of appeal was filed prior to the disposition of the motion for a new trial, which is yet pending in the Trial Court. Hence, the notice was of no effect. There has been no final disposition below of this case; there is no appeal of right and the notice of appeal is of no effect.

Accordingly, we are without jurisdiction in the matter at this time and must dismiss the appeal without prejudice as being premature.

Costs are adjudged against appellant.

Done at Nashville in the two hundred and seventh year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

CRAWFORD and HIGHERS, JJ., concur.