IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2003 Session

## JAMES EUGENE GLOVER v. TETYANA GLOVER

**Appeal from the Circuit Court for Hamblen County**
**No. 01CV277     Kendall T. Lawson, Judge**

**FILED FEBRUARY 25, 2003**

**No. E2002-01690-COA-R3-CV**

---

The trial court entered a judgment granting the complaint for annulment filed by James Eugene Glover ("Husband"). Within 30 days of the entry of the judgment, Tetyana Glover ("Wife") filed a motion seeking to set aside the judgment. She claims that she did not have prior notice that the complaint was to be considered on June 19, 2002, the date on which the record reflects this case was heard. The trial court, finding that it lacked jurisdiction to consider Wife's motion, denied her request to set aside the judgment. Wife appeals. We vacate the trial court's order refusing to consider Wife's motion and remand this matter to the trial court for consideration of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated; Case Remanded with Instructions**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Ronald J. Attanasio, Knoxville, Tennessee, for the appellant, Tetyana Glover.

Douglas R. Beier, Morristown, Tennessee, for the appellee, James Eugene Glover.

**OPINION**

I.

Husband filed a complaint for annulment on September 17, 2001, alleging that "Wife entered into the marriage under fraud and false pretenses with the sole purpose of marrying [Husband] so she could become a[] U.S. citizen."[1] On December 6, 2001, Wife filed an answer, denying the fraud and false pretenses allegations of the complaint.

---

[1]At the time of the marriage, Wife was apparently a citizen of Russia.

On June 28, 2002, the trial court entered a judgment granting Husband an annulment and declaring the parties' marriage "a nullity and void ab initio." The judgment recites that the complaint was "heard on the 19th day of June, 2002." It is signed by the trial judge. It also bears the signature of Douglas R. Beier, attorney for Husband. Neither Wife nor her counsel signed the judgment; however, it does contain a certificate of service signed by Mr. Beier reflecting service by mail on Ronald J. Attanasio, attorney for Wife.

On July 10, 2002, Wife filed what she styled a "Motion for Relief from Judgment." Even though the motion was filed within 30 days of the entry of the judgment, Wife asserted in her motion that it was being filed "pursuant to Rule 60 of the Tennessee Rules of Civil Procedure." In her motion, Wife acknowledged receipt of a copy of the judgment "in the mail without a cover letter." The motion goes on to assert that

> [p]rior to receipt of the [j]udgment, counsel for [Wife] did not receive notice of a trial date or a docket sounding from the Clerk of the Court or from counsel for the [p]laintiff and therefore had no knowledge of the trial date, the need to appear before the Court and/or the entry of a [j]udgment.

On the same day – July 10, 2002 – Wife also filed in the trial court a notice of appeal to the Court of Appeals from the trial court's judgment of June 28, 2002.

On October 17, 2002, the trial court entered an order denying Wife's motion, finding that it "lacked jurisdiction as the matter had been appealed to the Court of Appeals." Wife then filed another notice of appeal, this time as to the trial court's order of October 17, 2002.

Wife appeals. She asserts a single issue:

> Whether or not sufficient notice was given to [Wife] or [Wife's] Counsel allowing a Judgment to be entered without [Wife] having an opportunity to be heard.

II.

As a general proposition, the timely filing of a notice of appeal from a trial court's judgment or order deprives the trial court of further jurisdiction in the matter. *See, e.g., **Reed v. Alamo Rent-A-Car, Inc.***, 4 S.W.3d 677, 691 n.8 (Tenn. Ct. App. 1999). There are several exceptions to this general principle.[2] One of these exceptions pertains to a timely-filed motion that falls within one of

---

[2]For example, a trial court can consider a petition for post-judgment contempt even while one of the parties is pursuing an appeal. ***Poff v. Poff***, C/A No. 01A01-9301-CV-00024, 1993 WL 73897, at *2 (Tenn. Ct. App. M.S., filed March 17, 1993). With an appellate court's prior approval, a trial court can also consider a Rule 60.02 motion for relief from a *final* judgment even after a notice of appeal has been filed. In such a case, the moving party must petition the appellate court to remand the case to the trial court for consideration of the Rule 60.02 motion in order to avoid a situation where a case is pending in both a trial court and an appellate court at the same time. ***Spence v. Allstate Ins. Co.***, 883 S.W.2d 586, 595-96 (Tenn. 1994).

the categories stated in Tenn. R. Civ. P. 59.01. It is clear that a trial court has jurisdiction to consider such a motion even if a notice of appeal has been filed prior to the filing of the motion or contemporaneously with the filing of the motion. *See Steele v. Wolfe Sales Co*., 663 S.W.2d 799, 802 (Tenn. Ct. App. 1983).

Speaking generally, a direct appeal is only appropriate with respect to a final judgment in the trial court. *See* Tenn. R. App. P. 3(a). If there are matters pending before the trial court, and the provisions of Tenn. R. Civ. P. 54.02 are not implicated and not invoked in the judgment or order appealed from, a direct appeal pursuant to Tenn. R. App. P. 3(a) is not appropriate. *Hutchinson v. ARO Corp*., 653 S.W.2d 738, 740 (Tenn. Ct. App. 1983).

"A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d).

### III.

In the instant case, Wife recited in her motion that she was proceeding under Tenn. R. Civ. P. 60. Such an assertion was in error. Generally speaking, Rule 60 pertains to final judgments. *See, e.g., Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 625 (Tenn. 2000). When Wife filed her motion on July 10, 2002 – within 30 days of the entry of the judgment of June 28, 2002 – the judgment as to which the motion was addressed was not then final. This is because Wife's motion filed July 10, 2002, was still pending before the trial court.

We construe Wife's motion as one to alter or amend under Tenn. R. Civ. P. 59. The motion recites that Wife did not have prior notice of the hearing date. In seeking to set aside the subject judgment, she is clearly seeking to "alter" it. In construing a motion, we look to the substance of the motion rather than its form. *Tennessee Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998); *Bemis Co., Inc. v. Hines*, 585 S.W.2d 574, 575 (Tenn. 1979); *State v. Minimum Salary Dept. of A.M.E. Church, Inc.*, 477 S.W.2d 11, 12 (Tenn. 1972); *Hawkins v. Hawkins*, 883 S.W.2d 622, 624 (Tenn. Ct. App. 1994).

Since Wife's motion of July 10, 2002 – which we have construed as one to alter the trial court's judgment of June 28, 2002 – was filed within 30 days of the entry of that judgment, we hold that the trial court had jurisdiction to consider it. The notice of appeal, which was filed on the same date as the motion seeking to set aside the judgment of June 28, 2002, was prematurely filed. *See* Tenn. R. App. P. 4(d). Accordingly, we hold that the trial court erred in determining that it lacked jurisdiction to consider Wife's motion.

### IV.

We vacate the trial court's order of October 17, 2002. Exercising our discretion, we tax the costs of the appeal to the appellant, Tetyana Glover. This case is remanded to the trial court with instructions to consider Wife's motion filed there on July 10, 2002.

_____
CHARLES D. SUSANO, JR., JUDGE