IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 18, 2003

## STATE OF TENNESSEE v. JAMES LEE FOREMAN, II

**Appeal from the Circuit Court for Montgomery County**
**No. 40000477     Michael R. Jones, Judge**

---

**No. M2002-02595-CCA-R3-CD - Filed March 4, 2004**

---

A Montgomery County Circuit Court jury convicted the defendant, James Lee Foreman, II, of two counts of rape, a Class B felony. The trial court merged the convictions and sentenced the defendant as a violent offender to ten years in confinement. The defendant appeals, claiming that his sentence is excessive. Having determined that we lack jurisdiction in the case, the defendant's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Roger Eric Nell, District Public Defender; and Russel A. Church, Assistant Public Defender, for the appellant, James Lee Foreman, II.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's raping his fourteen-year-old stepdaughter on June 23, 2000. The state originally charged him with two counts of incest, a Class C felony, and two counts of aggravated rape, a Class A felony. Just before trial, the defendant pled guilty to the incest charges. At trial, the victim testified that on June 23, she had been taking a shower and was at home alone with the defendant. When the victim got out of the shower, the defendant came into the bathroom. He held a knife to the victim's face and told her to lie on the bathroom floor. While she was on the floor, the defendant put his mouth on her vagina and then penetrated her vagina with his penis. Marsha Sue Foreman, the victim's mother, testified that on the night of June 23, the victim told her that the defendant had raped her. Margaret Bash, a Special Agent Forensic Scientist with the Tennessee Bureau of Investigation, testified that she performed DNA analysis on a sexual assault

analysis kit collected from the victim and found the defendant's sperm on the victim's panties. The defendant acknowledged that he performed cunnilingus on the victim and testified that he may have penetrated her vagina with his penis. However, he said that his sexual activities with the victim were consensual. The jury convicted the defendant of two counts of the lesser included offense of rape.

After a sentencing hearing, the trial court merged the defendant's rape convictions and merged his incest convictions. It sentenced him to ten years for the rape conviction and to four years for the incest conviction and ordered that the sentences run concurrently. On appeal, the defendant claims that his ten-year sentence for the rape conviction is excessive because the trial court misapplied an enhancement factor and gave improper weight to mitigating factors. The state claims that the trial court properly sentenced the defendant to ten years but that it erred by merging the two rape convictions and the two incest convictions.

The judgments of conviction were filed on April 10, 2002, and the defendant filed his motion for a new trial on April 16, 2002. The defendant has not included the transcript for the hearing on the motion or the order denying the motion in the appellate record. The defendant filed a notice of appeal form on October 15, 2002. However, no order, minutes, or other document is contained in the record on appeal to show that the trial court denied the defendant's motion for a new trial. We note that on the defendant's notice of appeal form, the form asks for the "File Date of Judgment Appealed." The defendant's attorney has written in "2/22/02" for the date. Beneath "2/22/02," the defendant's attorney has written "NTM 10/10/02." While it is possible that "NTM 10/10/02" may mean that the defendant's new trial motion was denied on October 10, 2002, we cannot assume this to be the case.

We are required to determine if we have jurisdiction in every case on appeal. See T.R.A.P. 13(b). In this respect, Rule 4(c), T.R.A.P., provides that in criminal actions, "if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant . . . under Rule 33(a) for a new trial, . . . the time for appeal for all parties shall run from entry of the order denying a new trial . . . ." Until the trial court denies the motion for a new trial, this court does not have jurisdiction over the case. See, e.g., Hutchison v. ARO Corp., 653 S.W.2d 738 (Tenn. Ct. App. 1983); State v. Landy G. Kash, No. 01C01-9705-CR-00179, Smith County (Tenn. Crim. App. Feb. 23, 1998).

Based upon the foregoing and the record as a whole, the defendant's appeal is dismissed.

_____
JOSEPH M. TIPTON, JUDGE

-2-