IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 20, 2009 Session

**THE CITY OF JACKSON, TENNESSEE**
**v.**
**DAVID HERSH, PROFESSIONAL SPORTS AND ENTERTAINMENT OF**
**TENNESSEE, INC., and PSET, L.P.**
**v.**
**RON BARRY, Individually and in his Administrative Capacities, and**
**CHARLES H. FARMER, Individually and in his Official Capacity as Mayor**
**of the City of Jackson, Tennessee**

Appeal from the Chancery Court for Madison County
No. 60282    Martha Brasfield, Chancellor

———————————

**No. W2008-02360-COA-R3-CV - Filed August 25, 2009**

———————————

This appeal addresses whether a judgment is final and appealable. The plaintiff municipality sued the defendant owner of the city's minor league baseball team for breach of contract. The city also sought prejudgment interest and attorney's fees. A consent order was entered allowing the defendants to complete a planned sale of the team to a third party; the third party was to forward the sales proceeds to the court clerk to be held in escrow. The defendants then filed a counterclaim against the city, sounding in both contract and tort, as well as third-party claims against the mayor and a city employee. The contract issues were tried, and the trial court held that the city was entitled to damages and dismissed the defendants' contract counterclaim against the city. The trial court did not address the city's request for prejudgment interest and attorney's fees. The defendants non-suited their remaining claims and an order was entered dismissing the claims on June 11, 2007. The city filed a motion to assess attorney's fees and prejudgement interest, and the defendants filed a motion to release the funds held in escrow. On September 15, 2008, the trial court denied the city's motion for prejudgment interest and attorney's fees, finding that the June 11, 2007 order was a final judgment because the request for prejudgment interest and attorney's fees was not a claim but was instead an amount of the city's recovery of damages. The trial court found that it did not have jurisdiction to consider the city's request for prejudgment interest or attorney's fees because the city failed to file a timely motion to alter or amend the judgment. The issue of the funds held in escrow was not addressed by the trial court. The city now appeals the September 15, 2008 order, arguing that the June 11, 2007 order was not final. We find that the trial court erred in holding that the June 11, 2007 order was a final judgment, and conclude that this Court does not have jurisdiction to hear this appeal. Therefore, we dismiss the appeal and remand the case to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Cause Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Lewis L. Cobb and Catherine B. Clayton, Jackson, Tennessee for the Plaintiff/Appellant City of Jackson

Randall J. Fishman and C. Barry Ward, Memphis, Tennessee, for the Defendants/Appellees David Hersh, Professional Sports and Entertainment of Tennessee, Inc., and PSET, L.P.

**OPINION**

### FACTS AND PROCEDURAL HISTORY

Defendant/Appellee David Hersh ("Hersh") is President of Defendant/Appellee Professional Sports and Entertainment of Tennessee, Inc. ("PSET, Inc."), which is the general partner in the limited partnership of Defendant/Appellee PSET, L.P. (the "Limited Partnership" or collectively, the "Defendants"). The Limited Partnership is the owner of the West Tennessee Diamond Jaxx,[1] a Class "AA" minor league baseball team ("Team"). In February 1997, Plaintiff/Appellant the City of Jackson, Tennessee ("City") entered into a Stadium License and Use Agreement ("Agreement") with the Defendants, under which the Defendants were obligated to pay the City surcharges on all of the tickets sold at baseball games played by the Team according to a schedule that was outlined in the Agreement.

The City filed this lawsuit to enforce the Agreement, alleging that the Defendants owed the City unpaid surcharges from April to July 2002 in the amount of $175,000. The City's complaint also sought an award of prejudgement interest, attorney's fees, expenses and court costs under the terms of the Agreement.[2] At the time the complaint was filed, the Defendants had entered into a contract for the sale of the Team to a third party. Initially, the City sought to prohibit the Defendants from distributing any proceeds from the sale of the Team. Later, however, the parties reached an agreement, and the trial court entered a consent order allowing the sale to the third party to proceed, in exchange for the Defendants' instruction to the third party to make the check for the $175,000 proceeds of the sale payable to the Clerk and Master of the Madison County Chancery Court, upon the closing of the sale. The monies were to be held in escrow until the issues between the City and

---

[1] The team was formerly the Memphis Chicks and had been located in Memphis since the 1900's. It was renamed the Diamond Jaxx upon its move to Jackson, Tennessee.

[2] Article IX, Paragraph 7 of the Stadium Agreement states:

> Attorneys' Fees and Expenses. If either party shall institute any action or proceeding to enforce the terms, covenants or provisions of this Agreement, then the party so prevailing in such proceeding or dispute shall be entitled to receive from the other party reasonable attorneys's fees and expenses incurred by the prevailing party in prosecuting or defending the prevailing party in connection with such action or proceeding, and whether or not suit was actually instituted by a party.

the Defendants were resolved, or upon other orders from the Court. The Defendants then filed a counterclaim against the City, asserting that the City breached its duty of good faith and was unjustly enriched. The Defendants also filed third-party claims against the Mayor of Jackson, Charles H. Farmer, individually and in his official capacity, and Jackson's Chief Administrator, Ron Barry, individually and in his official capacity.

The trial began on September 11, 2006. After the trial concluded, on April 12, 2007, the trial court issued an oral ruling addressing only the City's claim for breach of contract and the Defendants' contract counterclaim against the City. The trial court found that no damages were due to the Defendants, but that the City was entitled to $112,000 for the ticket surcharges that were not paid. An order incorporating the trial court's oral ruling was entered on May 1, 2007. On June 7, 2007, the Defendants filed a non-suit as to their remaining claims, which were subsequently dismissed in an order dated June 11, 2007.

On November 13, 2007, the City filed a motion to assess attorney's fees under the terms of the Agreement and prejudgment interest under Tennessee Code Annotated § 47-14-123. On December 3, 2007, the Defendants filed a motion to release the funds held in escrow. On September 15, 2008, the trial court filed a lengthy order on the City's motion for attorney's fees and prejudgment interest. The trial court first reviewed the complicated proceedings, with part heard by the trial judge below and part heard by a specially appointed senior judge. It then carefully analyzed the issue of whether the June 11, 2007 order was a final order that disposed of all remaining rights, claims, and liabilities of the parties. Citing *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, M2007-01104-COA-R3-CV, 2008 WL 3833613 (Tenn. Ct. App. Aug. 15, 2008), the trial court found that the June 11, 2007 order on the Defendants' nonsuit of their remaining counterclaims and third-party claims resolved all of the parties' claims and liabilities. Based on *Christus*, the trial court reasoned that the requests for prejudgment interest and attorney's fees were contingent on whether the Defendants obtained a judgment against the City, and thus are "not claims under Tenn. R. Civ. Proc. 54.02, but are . . . separate types of recovery or damages." The trial court found that, under Rule 59 of the Tennessee Rules of Civil Procedure, after the June 11, 2007 order was entered, the City had thirty days in which to request payment of attorney's fees and pre-judgment interest; after that, the June 11, 2007 order became final and the trial court lost jurisdiction. The issue of the funds held in escrow was not addressed by the trial court. The City then filed this appeal.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

The issue on appeal is whether the trial court erred in holding that the June 11, 2007 order dismissing the Defendants' remaining counterclaim and third-party claims was a final order and in dismissing the City's motion for attorney's fees and prejudgment interest because the motion was not timely filed under Rule 59 of the Tennessee Rules of Civil Procedure.

On appeal, the interpretation of the Tennessee Rules of Civil Procedure is a question of law. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004) (citations omitted). Questions of law are reviewed *de novo* with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

ANALYSIS

In order to address whether the trial court erred in dismissing the City's motion for attorney's fees and prejudgment interest, we must first address the threshold issue of whether this Court has subject matter jurisdiction to hear this appeal. *See* Tenn. R. App. P. 13(b). "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). Rule 3(a) of the Tennessee Rules of Appellate Procedure provides that, except as otherwise permitted by Rules 9 and 10 of the Tennessee Rules of Appellate Procedure or Rule 54.02 of the Tennessee Rules of Civil Procedure, when multiple parties or multiple claims are involved, an order that adjudicates fewer than all of the claims or the rights and liabilities of the parties is not a final, appealable order. *See* Tenn. R. App. P. 3(a). The Court of Appeals does not have subject matter jurisdiction over orders that are not final, unless otherwise provided by statute or the Rules of Appellate Procedure. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). In this case, there was no application for permission to appeal under Rules 9 or 10 of the Tennessee Rules of Appellate Procedure and the order was not certified as final under Rule 54.02 of the Tennessee Rules of Civil Procedure. Therefore, in order for this Court to have jurisdiction to hear this appeal, the order appealed must adjudicate all of the claims and the rights and liabilities of the parties. *See Ikbariah v. Williams*, No. W2008-00126-COA-R3-CV, 2008 WL 4613952, at *1 (Tenn. Ct. App. Oct. 17, 2008).

In this case, at the time the trial court was presented with the City's motion to assess attorney's fees and prejudgment interest, the monies held in escrow had not been disbursed by the trial court. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *King v. Spain*, No. M2006-02178-COA-R3-CV, 2007 WL 3202757, at *8 (Tenn. Ct. App. Oct. 31, 2007) (quoting *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)). In *King*, the trial court adopted a special master report that left several issues unresolved. When one of the parties asserted that this was not a final, appealable judgment, the trial court found that all of the issues had been resolved by the special master and that its order adopting the special master report was therefore a final order. The appellate court disagreed, noting that one of the issues that remained unresolved was the disbursement of funds held in escrow. "Neither the parties nor this Court can discern how the funds in escrow are to be distributed," and without an effective order resolving the issue, "[t]his Court cannot complete its responsibility to conduct effective appellate review." *Id.* at *8–9.

In this case, under the consent order, the escrow monies were to be "deposited and held by [the Clerk and Master] until the issues between the City of Jackson and the Defendants have been resolved, or upon such Orders as the Court may deem appropriate." The issue of the monies in the escrow account remains unresolved. To be a final order, all of the claims and the rights and liabilities of the parties must be resolved. Thus, in this case, we do not have a final order that "fully and completely defines the parties' rights with regard to the issue[s], leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997) (citations omitted). "If there are matters pending before the trial court, and the provisions of [Tennessee Rule of Civil Procedure] 54.02 are not implicated and not invoked in the judgment or order appealed from, a direct appeal pursuant to [Tennessee Rule of Appellate Procedure] 3(a) is not

appropriate." **King**, 2007 WL 3202757, at \*9 (citing **Hutchinson v. ARO Corp.**, 653 S.W.2d 738, 740 (Tenn. Ct. App. 1983)). In the absence of an order disbursing the escrow funds, the June 11, 2007 order cannot be considered a final order.

Moreover, at the time the City filed its motion to assess attorney's fees and prejudgment interest, the City's claim for attorney's fees included in the City's complaint had not been addressed. We respectfully disagree with the trial court's finding that the request for attorney's fees in this case is an amount of recovery of damages rather than a claim. The **Christus Gardens** decision held that, in a case asserting multiple theories of legal malpractice in pursuit of one recovery, it was not appropriate for the trial court to make the judgment final under Rule 54.02 when only one of the theories had been addressed. Thus, **Christus Gardens** did not address the issue presented in the case at bar and we find it inapplicable in this case. Here, the City's claim for attorney's fees may be contingent on the resolution of the parties' primary claims, but it is nevertheless in addition to its other claims for damages. This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final. **See Grand Valley Lakes Prop. Owners' Ass'n, Inc. v. Gunn**, W2008-01116-COA-R3-CV, 2009 WL 981697, at \*3 (Tenn. Ct. App. Apr. 13, 2009) (unresolved motion for attorney's fees meant that order being appealed was not final); **Homebuilders McGee & Story, LLC v. Buckner**, No. M2008-00291-COA-R3-CV, 2008 WL 3896749, at \*3 (Tenn. Ct. App. Aug. 21, 2008) (concluding that the order appealed from in the first appeal of the case was not a final order because there was a claim for attorney's fees that had not been adjudicated); **Headrick v. Headrick**, No. E2004-00730-COA-R3-CV, 2005 WL 524807, at \*3 (Tenn. Ct. App. Mar. 7, 2005) (concluding that there was no final order when the trial court reserved the issue of attorney's fees); **Scott v. Noland Co.**, No. 03A01-9407-CV-00248, 1995 WL 11177, at \*1 (Tenn. Ct. App. Jan. 12, 1995) (concluding that there was no final order when the trial court did not award a specific amount of attorney's fees).

## CONCLUSION

As stated in **Gunn**: "We would like nothing more than to bring about a final resolution of this litigation. Alas, it is not to be." **Gunn**, 2009 WL 981697, at \*4. We must conclude that there is not a final, appealable order in this case and that we do not have jurisdiction to hear this appeal. **See** Tenn. R. App. P. 3(a).

The appeal is dismissed and the cause is remanded for further proceedings consistent with this Opinion.  The costs of this appeal are taxed to the Appellees David Hersh, Professional Sports and Entertainment of Tennessee, Inc., and PSET, L.P., for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE