IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2013 Session

# LAURA NICOLE HARBIN
v.
# CASEY PARKER JONES

**Appeal from the Shelby County Chancery Court**
**No. CH-120308    Kenny W. Armstrong, Chancellor**

_____

**No. W2012-01474-COA-R3-CV - Filed March 28, 2013**

_____

This appeal involves a post-divorce order of protection. Several years after the parties' divorce in another state, the appellant mother obtained an order of protection against the appellee father in a Tennessee general sessions court, to restrict his contact with her and the parties' minor child. The parties' out-of-state divorce decree was enrolled in the Tennessee chancery court, where the mother also sought a continued order of protection, contempt relief, and modification of the parties' parenting arrangement. All matters, including the general sessions order of protection, were consolidated in the Tennessee chancery court. The chancery court held a hearing on the order of protection. It declined to extend the order of protection and dissolved it. All other matters before the chancery court remained pending. The mother filed a notice of appeal to this Court. We hold that the dissolution of the order of protection, with other matters still pending, is not a final and appealable judgment. We dismiss the appeal for lack of appellate jurisdiction, and remand to the chancery court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Jason D. Nowlin and Rachael E. Putnam,[1] Memphis, Tennessee for Petitioner/Appellant, Laura Nicole Harbin

Brice M. Timmons, Memphis, Tennessee for Respondent/Appellee, Casey Parker Jones

## OPINION

### FACTS AND PROCEEDINGS BELOW

Petitioner/Appellant Laura Nicole Harbin ("Mother") and Respondent/Appellee Casey Parker Jones ("Father") divorced in Mississippi in July 2007, after approximately two and half years of marriage. They had one child, a son in 2005. The Mississippi decree of divorce awarded Mother and Father joint legal custody, with Mother designated as the primary residential parent. It awarded Father alternate residential parenting time and ordered him to pay child support.

At some point after the parties' divorce, both apparently moved to Tennessee; Mother to Shelby County and Father to Fayette County. In December 2011, Mother and Father had a physical altercation. This incident prompted Mother to seek an *ex parte* order of protection against Father in the Shelby County General Sessions Court ("General Sessions"). The General Sessions court issued the requested order of protection, enjoining Father from contact with Mother or the parties' son.

In February 2012, Mother filed an amended petition for an order of protection in the General Sessions court, citing threatening text messages from Father. The General Sessions court granted a temporary order of protection and scheduled a hearing.

Approximately a week after filing the amended petition and prior to the scheduled General Sessions court hearings, Mother filed a petition to enroll and modify the parties' Mississippi divorce decree in the Chancery Court for Shelby County, Tennessee, and also asked the Chancery Court to cite Father for criminal and civil contempt. Mother's Chancery Court petition also sought a modification of the parties' parenting arrangement, based on an alleged substantial and material change of circumstances, and modification of Father's child support obligation.

---

[1]Mother changed counsel during the pendency of this appeal. Attorney Rachael Putnam represented Mother in some of the trial court proceedings and filed Mother's initial appellate brief. Ms. Putnam thereafter withdrew from representing Mother. Attorney Jason D. Nowlin filed Mother's reply brief and appeared on behalf of Mother at oral argument.

Subsequently, the parties agreed by consent order to dissolve the orders of protection that were in place, and the Chancery Court issued a new temporary order of protection, effectively consolidating all pending matters. The new temporary protective order enjoined Father from abusing, threatening, hurting, or frightening either Mother or the parties' son, but permitted Father to have alternate residential parenting time, subject to the conditions in the parties' consent order.

In March 2012, the parties' Mississippi divorce decree was enrolled in the Chancery Court by consent. Thus the Chancery Court acquired jurisdiction over all matters between the parties.[2]

The Chancery Court scheduled a hearing on Mother's charge of criminal contempt against Father and her request for a review of the order of protection in place at that time. However, prior to the scheduled hearing, the parties agreed to extend the existing order of protection for 60 days while they engaged in mediation on all issues, with the proviso that Father was permitted to visit with the parties' son.

Prior to the parties' mediation, Mother filed a motion in the Chancery Court to set aside the consent order and reinstate the prior order of protection, which enjoined Father from contact with the parties' son. She contended that she had not agreed for Father to have unsupervised visitation with their son. Father opposed Mother's motion to set aside and sought attorney fees. Discovery ensued.

On June 11 and 12, 2012, the Chancery Court conducted a two-day evidentiary hearing, in which the Court heard testimony from the parties and other witnesses as well. The hearing focused only on the issue of the order of protection against Father.[3]

At the conclusion of the hearing, the Chancellor told the parties that he "can't really say . . . from the body of evidence that's been presented, that there is a sufficient basis for the Court to issue an [o]rder of [p]rotection. . . ." For that reason, the Chancellor denied Mother's request to extend the orders of protection.

---

[2]The consent order enrolling the foreign divorce degree inadvertently states that the "decree of divorce should therefore be enrolled in the Circuit Court of Shelby County," but it is undisputed that all matters were consolidated in the Shelby County Chancery Court.

[3]In the interval between the filing of Mother's motion and the hearing, it appears that the parties made an unsuccessful attempt to mediate their differences.

A few days later, on June 20, 2012, the Chancery Court entered an order dissolving all of the *ex parte* orders of protection, specifically, those resulting from Mother's December 2011 petition and February 2012 amended petition, as well as the April 2, 2012 consent order. The Chancery Court also denied Father's request for attorney fees.

On June 26, 2012, Mother filed a notice of appeal, appealing the trial court's June 20, 2012 order on the orders of protection. The notice of appeal cited Rule 4(a) of the Tennessee Rules of Appellate Procedure.[4] Discovery continued on the matters that remained pending before the trial court.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mother presents two issues for review:

> Whether the decision not to grant an order of protection is a separate and distinct matter which is a final decision appealable to the Court of Appeals?

> Did the trial court err in finding that the original and amended petitions for orders of protection should be denied and the ex parte order of protection dissolved?

In response, Father contends that Mother's appeal is frivolous and argues that the trial court erred in declining to grant him an award of attorney fees.

Our review of this non-jury case is *de novo* upon the record of the proceedings below with a presumption of correctness as to the trial court's factual findings, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *Sliger v. Sliger,* 181 S.W.3d 684, 687 (Tenn. Ct. App. 2005); *Collins v. Pharris*, No. M1999-00588-COA-R3CV,

---

[4] Rule 4(a) of the Tennessee Rules of Appellate Procedure states as follows:

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice. The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice. Any party may serve notice of entry of an appealable judgment in the manner provided in Rule 20 for the service of papers.

Tenn. R. App. P. 4(a) (2012).

2001 WL 219652, at *4; 2001 Tenn. App. LEXIS 138, at *14 (Tenn. Ct. App. Mar. 7, 2001). We review questions of law *de novo* with no presumption of correctness. ***Nelson v. Wal-Mart Stores, Inc.***, 8 S.W.3d 625, 628 (Tenn. 1999).

## ANALYSIS

In order to consider the substantive issues raised on appeal, we must first address the threshold issue of whether this Court has subject matter jurisdiction to adjudicate this appeal. Tenn. R. App. P. 13(b). "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." ***Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 639 (Tenn. 1996) (citing ***Landers v. Jones***, 872 S.W.2d 674, 675 (Tenn. 1994)).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides that, except as otherwise permitted by Rules 9 and 10 of the Tennessee Rules of Appellate Procedure or Rule 54.02 of the Tennessee Rules of Civil Procedure, when multiple parties or multiple claims are involved, an order that adjudicates fewer than all of the claims or the rights and liabilities of the parties is not a final, appealable order. ***See*** Tenn. R. App. P. 3(a). In this case, there was no application for permission to appeal under Rules 9 or 10 of the Tennessee Rules of Appellate Procedure and the order from which Mother appeals was not certified as final under Rule 54.02 of the Tennessee Rules of Civil Procedure. The Tennessee Supreme Court has held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." ***Boykin v. Casher (In re Estate of Boykin)***, 295 S.W.3d 632, 635 (Tenn. Ct. App. 2008) (quoting ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990)).

A final judgment "fully and completely defines the parties' rights with regard to the issue[s], leaving nothing else for the trial court to do." ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997) (citations omitted). An order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); ***In re Estate of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003); ***In re Estate of Boykin***, 295 S.W.3d at 635-36; ***King v. Spain***, No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8; 2007 Tenn. App. LEXIS 667, at *22 (Tenn. Ct. App. Oct. 31, 2007). "If there are matters pending before the trial court, and the provisions of [Tennessee Rule of Civil Procedure] 54.02 are not implicated and not invoked in the judgment or order appealed from, a direct appeal pursuant to [Tennessee Rule of Appellate Procedure] 3(a) is not appropriate." ***King***, 2007 WL 3202757, at *9; 2007 Tenn. App. LEXIS 667, at *22-23 (citing ***Hutchison v. ARO Corp.***, 653 S.W.2d 738, 740 (Tenn. Ct. App. 1983)). ***See also In re Estate of Henderson***, 121 S.W.3d at 645; ***City of Jackson v. Hersh***, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *3; 2009 Tenn. App.

LEXIS 591, at *9 (Tenn. Ct. App. Aug. 25, 2009) (citing ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990)).

Mother argues that the trial court's order dissolving the orders of protection against Father is appealable because Rule 3 of the Tennessee Rules of Appellate Procedure operates differently when the appeal involves a ruling on a petition for an order of protection. In support of this contention, Mother points to the statutes governing orders of protection and domestic violence. ***See*** Tenn. Code Ann. § 36-3-601, *et seq.* (2012). She cites in particular Tennessee Code Annotated § 36-3-603, arguing that the legislature intended for an existing order of protection to co-exist with other injunctive relief granted in connection with a divorce. Tenn. Code Ann. § 36-3-603 (2012). In addition, in support of her position, Mother cites two Tennessee cases, ***Collins v. Pharris***, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *4; 2001 Tenn. App. LEXIS 138, at *13-14 (Tenn. Ct. App. Mar. 7, 2001) and ***Autry v. Autry***, 83 S.W.3d 785, 787-88 (Tenn. Ct. App. 2002), as well as caselaw from other jurisdictions holding that an order of protection is a "claim separate from, and not ancillary to, related proceedings" and as such, is immediately appealable.

The statutory provision cited by Mother, Tennessee Code Annotated § 36-3-603, is part of the statutes addressing domestic abuse. It provides:

> If an order of protection is ordered by a court and either the petitioner or respondent files a complaint for divorce, the order of protection shall remain in effect until the court in which the divorce action lies modifies or dissolves the order.

Tenn. Code Ann. § 36-3-603(a); ***State v. Gray***, 46 S.W.3d 749, 751 (Tenn. Ct. App. 2000). Respectfully, nothing in this statute indicates legislative intent to give the appellate court jurisdiction to review a trial court's denial of a request for an order of protection unless it is a final judgment or otherwise permitted in the Court rules. A statute should be read naturally and reasonably, presuming that the legislature says what it means and means what it says. ***See In re Samaria S.***, 347 S.W.3d 188, 203 (Tenn. Ct. App. 2011). Reading the statute naturally and reasonably, we must hold that Section 36-3-603 does not indicate that the order of the trial court below, dissolving the outstanding orders of protection against Father, is immediately appealable as of right when other issues between the parties remain outstanding.

Mother cites two Tennessee cases in support of her argument, ***Collins v. Pharris***, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *4; 2001 Tenn. App. LEXIS 138, at *13-14 (Tenn. Ct. App. Mar. 7, 2001) and ***Autry v. Autry***, 83 S.W.3d 785 (Tenn. Ct. App. 2002). ***Collins*** holds that the denial of a petition in General Sessions Court for an order of protection is appealed directly to this Court, and does not undergo a *de novo* review in circuit or

chancery court.  *Collins*, 2001 WL 219652, at *4; 2001 Tenn. App. LEXIS 138, at *13-14. *Autry* affirms the grant of an order of protection issued in the course of divorce proceedings, but does not indicate that other matters remained pending at the time of the appeal.  We note that the *Autry* Court simply referred to the trial court's order as a "final order." *Autry*, 83 S.W.3d at 788.  Neither case indicates that the denial of an order of protection is immediately appealable when other claims in the same action remain pending.

Mother also cites several Illinois cases, arguing that they show why the trial court's dissolution of the existing orders of protection in this case should be immediately appealable. *See People v. L.S. (In re T.H.),* 820 N.E.2d 977, 983-84 (Ill. App. Ct. 2004); *In re Marriage of Blitstein*, 569 N.E.2d 1357 (Ill. App. Ct. 1991). These Illinois cases rely on Illinois Supreme Court Rule 307, which expressly provides that an order on a request for injunctive relief is immediately appealable as of right.[5]  At oral argument, counsel for Mother argued persuasively regarding the policy reasons to permit the denial of a request for an order of protection to be immediately appealable even if other matters remained pending in the trial court. These arguments, considered with the Illinois cases cited by Mother, show valid reasons for the adoption of a court rule or a statute permitting such an appeal. At this time, however, there is no such court rule or statute in Tennessee.

In the alternative, Mother cites Rule 2 of the Tennessee Rules of Appellate Procedure, and asks this Court to exercise its discretion under Rule 2 to hear this appeal, despite the lack of a final judgment.[6]  *See Ruff v. Raleigh Assembly of God Church, Inc.*, No. W2001-20578-COA-R3-CV, 2003 WL 21729442, at *5; 2003 Tenn. App. LEXIS 496, at *14 (Tenn. Ct. App. July 14, 2003).  We note that the Court's discretion under Rule 2 to suspend the Rules

---

[5] Subsection (a)(1) of Illinois Supreme Court Rule 307 entitled "Interlocutory Appeals as of Right," states as follows: "(a) *Orders Appealable; Time.* An appeal may be taken to the Appellate Court from an interlocutory order of court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; . . ."  Ill. Sup. Ct. R. 307(a)(1) (2012).

[6]Rule 2 of the Tennessee Rules of Appellate Procedure provides as follows:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion, except that this rule shall not permit the extension of time for filing a notice of appeal prescribed in Rule 4, an application for permission to appeal to the Supreme Court from the denial of an application for interlocutory appeal by an intermediate appellate court prescribed in Rule 9(c), an application for permission to appeal to the Supreme Court from an intermediate appellate court's denial of an extraordinary appeal prescribed in Rule 10(b), an application for permission to appeal prescribed in Rule 11, or a petition for review prescribed in Rule 12.

of Appellate Procedure is to be exercised "very sparingly, only in extraordinary circumstances." ***Morgan Keegan & Co. v. Smythe***, No.W2010-01339-COA-R3-CV, 2011 WL 5517036, at \*18; 2011 Tenn. App. LEXIS 613, at \*59 (Tenn. Ct. App. Nov. 14, 2011). We decline in this case to exercise our discretion to hear the appeal despite the lack of a final judgment.

On appeal, Father argues that Mother's appeal is frivolous and requests an award of attorney fees. ***See*** Tenn. Code Ann. § 27-1-122 (2012). This Court will not exercise its discretion to award attorney fees for the filing of a frivolous appeal unless the appeal has "no reasonable chance of success" or is "so utterly devoid of merit as to justify imposing a penalty." ***Chiozza v. Chiozza***, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009) (quoting ***Whalum v. Marshall***, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006)). After due consideration, we respectfully decline to grant Father's request for attorney fees for this appeal.

## CONCLUSION

This appeal is dismissed and the matter is remanded to the trial court. Costs on appeal are assessed against Respondent/Appellee Casey Parker Jones,[7] for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[7]Tennessee Code Annotated § 36-3-617(a)(1) provides that "no domestic abuse victim, stalking victim or sexual assault victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state." Tenn. Code Ann. § 36-3-617(a)(1); ***Merriman v. Merriman***, No. E2010-00013-COA-R3-CV, 2010 WL 3767116, at \*2; 2010 Tenn. App. LEXIS 598, at \*6 (Tenn. Ct. App. Sept. 28, 2010). In 2011, Section 36-3-617(a)(2) was added, providing that a petitioner may be required to pay the costs of an appeal when a protection order is dissolved, under certain limited circumstances, namely, where the record contains "clear and convincing evidence . . . [t]he petitioner knew that the allegation of domestic abuse, . . . was false at the time the petition was filed." Tenn. Code Ann. § 36-6-617(a)(2)(2012). ***Furlong v. Furlong***, 370 S.W.3d 329, 341 (Tenn. Ct. App. 2011). We find no such evidence in this case, and so assess the costs against Father.