# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 7, 2002 Session

## CHERYL DIANE AUTRY v. JAMES TRAVIS AUTRY

### Appeal from the Circuit Court for Davidson County
### No. 01D-1496     Muriel Robinson, Judge

### No. M2001-01807-COA-R3-CV - Filed January 28, 2002

This appeal involves the issuance of an order of protection.  The parties were married on May 18, 1999.  One minor daughter was born to the marriage.  On June 10, 2001, there was a struggle between the parties over the child.  The appellee sought an order of protection.  A hearing was held on June 28, 2001, on Mrs. Autry's petition.  Both parties were present at the hearing.  After hearing the testimony, the trial court granted Mrs. Autry an order of protection, set child support, and ordered the minor child removed from TennCare insurance coverage.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and JANE WHEATCRAFT, SP. J., joined.

Thomas Edward Nelson, Nashville, Tennessee, for the appellant, James Travis Autry.

Cheryl Diane Autry, Nashville, Tennessee, Pro Se.

### OPINION

On June 12, 2001, Mrs. Autry filed an Ex Parte Order of Protection against Mr. Autry stemming from events that occurred on June 10, 2001.  A hearing was held on June 28, 2001 regarding Mrs. Autry's petition for an order of protection.  At the time of the hearing on the order of protection, a complaint for divorce on grounds of irreconcilable differences was pending.

The parties testified to two different versions of the events that occurred on June 10, 2001.  Mrs. Autry testified that she planned to visit her father and take the minor child with her.  Mr. Autry and a friend, Jason Anderson, were at the marital residence.  Mrs. Autry stated that she picked the child up to leave and Mr. Autry tried to pull the child out of her arms.  Further, Mrs. Autry testified that she was struck in the head suffering injuries as a result of the struggle over the child.

Mr. Autry testified to a different scenario of events than Mrs. Autry.  He stated that Mrs. Autry loaded her car and attempted to take the minor child out of his hands by pulling her.  Mr.

Autry testified that he was not aggressive toward Mrs. Autry. The appellant's witness, Mr. Anderson, testified that Mr. Autry was holding the child when Mrs. Autry tried to take her from him. Both parties told the trial court that they each released their grip on the child. Both parties called 911 emergency. Two officers responded to the scene but did not arrest either party.

At the time of the hearing, Mr. Autry worked for his father, Mr. Autry, Senior, as a mechanic at Autry Auto Service. The trial court inquired as to the appellant's income. He was unable to state his annual income. Mr. Autry, Sr. testified that the appellant had only worked a few weeks of the year at the time. Mrs. Autry was also employed.

The trial court inquired as to the child's medical insurance coverage. The minor child was on TennCare. The trial court stated:

The Court: Your child should not be on TennCare. So I want you to work regular, get this child some insurance because you're going to furnish this child insurance not through TennCare by the time I sign this final decree. Do you understand that?

Mr. Autry: Yes, Your Honor.

The Court: All right. You will pay all medical bills not covered by this insurance. I'm going to grant this order of protection for six months because I don't know who's lying and who's not. I'm not really impressed with anybody who's testified today except Mr. Autry, Senior.

The trial court set the appellant's child support obligation at $52.33 per week.

We now turn to whether the trial court erred in issuing the order of protection. The appellant argues that the appellee failed to carry the statutory burden of proof. To be entitled to an ex parte order of protection, a petitioner must show that "good cause" for the protective order exists. Tenn. Code Ann. § 36-3-605(a). Tennessee Code Annotated section 36-3-605 provides:

(a) Upon the filing of a petition under this part, the courts may immediately, for good cause shown, issue an ex parte order of protection. An immediate and present danger of domestic abuse to the petitioner shall constitute good cause for purposes of this section.

(b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held, at which time the court shall either dissolve any ex parte order which has been issued, or shall, if the petitioner has proved the allegation of domestic abuse by a preponderance of the evidence, extend the order of protection for a definite period of time, not to exceed one (1) year unless a further hearing on the continuation of such order is requested by the respondent or the complainant in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year after which time a further hearing must be held for any subsequent one-year

period. Any ex parte order of protection shall be in effect until the time of the hearing. If no ex parte order of protection has been issued as of the time of the hearing, and the petitioner has proven the allegation of domestic abuse by a preponderance of the evidence, the court may, at that time, issue an order of protection for a definite period of time, not to exceed one (1) year.

Tenn. Code Ann. §36-3-605 (a)-(b) (2001).

"Accordingly, an order of protection is appropriate only where there is sufficient evidence that the victim needs the protection available." *Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *5 (March 7, 2001 Tenn. Ct. App.). The appellant argues that the appellee failed to prove the allegations of domestic abuse by a preponderance of the evidence.

We are presented with a less than satisfactory substantially verbatim transcript of the evidence heard by the trial court on June 28, 2001. A registered professional court reporter and notary public has transcribed, to the best of her ability, a tape recording of the proceedings. At ten places in the fifteen page transcript appears the word "inaudible". This transcript is certified by the court reporter under date of July 6, 2001 and filed with the clerk of the court on July 12, 2001. On the face of the transcript is a certification by the clerk that as of July 30, 2001, no objections to the transcript had been filed. As the appellee is without counsel on appeal the effort to perfect the record of testimony of the June 28, 2001 hearing under T.R.A.P. 24(b) is probably done as well as the appellant could do.

The trial judge was not impressed with either of the parties but in assessing credibility found that "the petitioner has proved the allegations of abuse by a preponderance of the evidence."

In reviewing the evidence under T.R.A.P. 13(d) and with deference to the trial court on questions of credibility we cannot say that the evidence preponderates against the action of the trial court. *Gillock v. Board of Professional Responsibility*, 656 S.W.2d 365, 367 (Tenn. 1983).

In further support of the appellant's argument, the appellant maintains that because the appellant was not arrested by the police, there is a presumption that the appellee did not suffer any injuries because the officers determined an arrest was not an appropriate response. Tenn. Code Ann. §36-3-619 (d)(2)(A), (B). Appellant cites no authority for such a presumption.

The final issue presented by appellant is whether the trial court erred in ordering the minor child to be removed from TennCare. The trial court did not include in the final order that the child be removed from TennCare. However, it is evident from the transcript that the trial court made it clear to the parties that the appellant was to provide private health insurance for the minor child and that the child was to be removed from TennCare. Eligibility for TennCare insurance coverage is in the first instance not a subject for judicial determination. Determination of eligibility for medical assistance under TennCare is by statute vested in the executive branch of government subject to approval by named committees of the legislative branch. Tenn. Code Ann. § 71-5-106. The

judiciary becomes involved only in review of hearings held under the Uniform Administrative Procedures Act. Tenn. Code Ann. § 71-5-112.

The erroneous action of the trial court relative to TennCare coverage is not reflected in the order from which the appeal is perfected, nor is it reflected in any other order of the court. A court speaks through its written judgments and not by oral pronouncements. *Sparkle Laundry & Cleaners v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979). The issue is not before us for review. It suffices to say that any such order of the court would be ineffective in determining eligibility for TennCare.

The judgment of the trial court is affirmed and the case is remanded for such further proceedings as may be necessary.

Costs of the appeal are assessed to James Travis Autry for which execution may issue if necessary.

_____
WILLIAM B. CAIN, JUDGE