IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 19, 2006 Session

## C. PHILLIP MCDOW v. SARA CIARAMITARO MCDOW

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-05115-03     Kay S. Robilio, Judge**

_____

**No. W2005-02353-COA-R3-CV - Filed October 25, 2006**

_____

This is a divorce case in which grounds were stipulated. Husband appeals the trial court's award of alimony *in futuro* to Wife. He asserts, in the alternative, that if this Court affirms the award of alimony the matter must be remanded for reconsideration of the division of property. We vacate the award of alimony *in futuro* and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID G. HAYES, SP. J., joined.

Mitchell D. Moskovitz, Adam N. Cohen, and Linda L. Holmes, Memphis, Tennessee, for the appellant, C. Phillip McDow.

Matthew Ian John, Memphis, Tennessee, for the appellee, Sara Ciaramitaro McDow.

### OPINION

This is a divorce case. The dispositive issues raised on appeal, as we perceive them, are whether the trial court erred in awarding Appellee Sara Ciaramitaro McDow alimony *in futuro* where it reserved only the issue of alimony *in solido* in the divorce decree and, if it did not so err, whether the action must be remanded for reconsideration of the division of marital property.

### *Background and Procedure*

Appellant C. Phillip McDow (Mr. McDow) and Appellee Sara Ciaramitaro McDow (Ms. McDow) were married in June 1974. Two children were born of the marriage. The parties have undergraduate degrees from the University of Memphis. Mr. McDow is a master jeweler and earns, on average, approximately $88,000 per year at a jewelry store owned by his father. Ms. McDow worked as a teacher for the first part of the marriage, but stayed at home for twelve years to raise the

parties' two children, who were born in 1977 and 1981. When this action arose, Ms. McDow was employed as a teacher at a salary of approximately $30,000 per year.

After nearly thirty years of marriage, the parties separated in June 2003, and Mr. McDow filed a complaint for divorce on September 10, 2003. In his complaint, Mr. McDow alleged Ms. McDow was guilty of inappropriate marital conduct and also alleged irreconcilable differences. Mr. McDow prayed for approval of a marital dissolution agreement, dissolution of the marriage, alimony, attorney's fees, and costs. Ms. McDow answered on October 22, 2003, denying that she was guilty of inappropriate marital conduct and admitting irreconcilable differences. She counterclaimed, alleging Mr. McDow was guilty of inappropriate marital conduct. She prayed to be awarded the parties' marital home, that Mr. McDow be responsible for the parties' debt, for an equitable division of property, and for an award of alimony in the form of alimony *in solido*, *in futuro*, and/or rehabilitative alimony. She further prayed for attorney's fees and costs. In his answer to Ms. McDow's counter complaint, Mr. McDow admitted to irreconcilable differences, acknowledged the marital debt but denied he should be responsible for it, and denied Ms. McDow was entitled to full title to the marital residence. He also asserted Ms. McDow was gainfully employed and should not be awarded alimony.

The trial court heard the matter on October 26, 2004. The proceedings in the trial court consisted of statements of counsel for both parties; grounds were stipulated, personal property was divided without controversy, and the trial court awarded the divorce to both parties. The parties further agreed that Mr. McDow would be awarded his pension, valued at approximately $64,000; that Mr. McDow would assume responsibility for marital debt of $15,800 resulting from the parties' children's education expenses; and that the parties would divide remaining financial assets equally. The parties further agreed that Ms. McDow would be awarded the marital home, which was valued at $185,000 to $235,000. At the conclusion of the proceedings, the trial court reserved only the issue of alimony, and ordered the parties to submit memoranda on the issue. The trial court entered the final decree of divorce on November 9, 2004. In its order, the trial court stated: "[t]he issue of alimony in solido shall be reserved at this time pending each attorney for the parties submitting to the [c]ourt their Memorandum of Law within a twenty (20) day period of time from entry of the Final Decree of Divorce." The decree was signed by the attorneys for both parties.

On November 22, 2004, Mr. McDow filed a motion to reconsider and/or set aside the final decree. In this motion, he asserted, as grounds, that a certificate of deposit in the amount of $36,000 erroneously had been left out of the parties' assets listings. In her response, Ms. McDow moved the court to dismiss Mr. McDow's motion, asserting the parties had voluntarily agreed to the terms of the divorce and that, according to the terms of the property division, the certificate would be divided evenly between the parties.[1]

---

[1]The matter apparently was set to be heard on December 3, 2004, but evidently was not heard until after the trial court ruled on the matter of alimony.

The parties submitted their memoranda on the issue of alimony in November 2004. Ms. McDow asserted in her memorandum that she was entitled to alimony *in futuro* in the amount of $3,500 per month. Mr. McDow, on the other hand, asserted Ms. McDow was not entitled to alimony in any form. In his memorandum, Mr. McDow argued, *inter alia*, that he had assumed the parties' only significant marital debt and that Ms. McDow had been awarded the parties' marital home in lieu of alimony.

The trial court entered its order on alimony on February 9, 2005. The trial court awarded Ms. McDow alimony *in futuro* in the amount of $1,200 per month. The court denied Ms. McDow's request of alimony to pay her attorney's fees. On February 16, Ms. McDow filed a petition for civil and criminal contempt, asserting, *inter alia*, that Mr. McDow had not signed a quitclaim deed transferring ownership of the marital property to her; had failed to remove her name from the home equity loan; had closed or depleted several accounts without dividing the funds with her; had utility and telephone service to the house terminated; and had failed to pay alimony as ordered by the court. On March 10, Mr. McDow filed an amended motion to alter or reconsider the judgment or to set aside the final decree of divorce. In his motion, he reiterated his assertion that a certificate of deposit valued at $36,000 had not been included in the listing of the parties' assets. He also asserted that Ms. McDow's defined benefit plan valued at approximately $20,000 had been omitted. Mr. McDow further asserted that the court had awarded Ms. McDow alimony *in futuro* without taking testimony or evidence, and that the evidence would demonstrate that he was not able to pay alimony in the amount of $1,200 per month and that such alimony was not needed. In his memorandum of law, Mr. McDow asserted the award of alimony *in futuro* violated his due process rights where the trial court did not conduct an evidentiary hearing.

The trial court heard the matter on May 11, 2005. The court did not conduct an evidentiary hearing, however. At the conclusion of the hearing, the court ordered the parties to submit memoranda "put[ting] down the facts as [they] would argue them, the law as [they] would argue it." On October 13, 2005, the trial court entered final judgment in the matter. The court denied Mr. McDow's motions to alter or set aside the final decree of divorce and his motion to set aside the order of alimony. The court further ordered Mr. McDow to execute a quitclaim deed vesting all interest in the marital residence to Ms. McDow within ten working days or be found in contempt. The trial court re-affirmed the division of property and the alimony award; concluded that Ms. McDow had not demonstrated that Mr. McDow had "cashed-in" a joint certificate of deposit; and otherwise denied Ms. McDow's petition for contempt.

Mr. McDow now appeals, asserting the trial court erred by awarding Ms. McDow alimony *in futuro*. In the alternative, he asserts that if the trial court did not err in awarding Ms. McDow alimony *in futuro*, the matter should be remanded for reconsideration of the division of marital property.

### Standard of Review

We review the trial court's findings of fact *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). Generally, whether an alimony award is appropriate is dependent on the facts and circumstances of each case. The need of the recipient spouse and the obligor's ability to pay are the primary considerations in the determination of an award of alimony. *Burlew v. Burlew*, 40 S.W.3d 465, 472 (Tenn. 2001). In making its determination of an alimony award, the court must balance several statutory factors including those enumerated in section 36-5-121(I) of the Tennessee Code.[2] The type and amount of an alimony award are largely within the discretion of the trial court. *Burlew v. Burlew*, 40 S.W.3d at 470. This Court is not inclined to alter a trial court's award of alimony absent a finding of an abuse of discretion. *Id.*

### Analysis

We begin our review by noting that, although the trial court has wide discretion in determining the type and amount of an alimony award, its determination must be based on consideration of the factors listed in Tennessee Code Annotated § 36-5-121(I) as applied to the facts in the record. *Burlew*, 40 S.W.3d at 472. A trial memorandum, in itself, is not evidence, however. Rather, it is a presentation or recounting of issues and arguments to be made at trial. *E.g., Thompson v. Coulter*, No. 02A01-9708-CV-00200, 1998 WL 666770, at *6 ( Tenn. Ct. App. Sept. 29, 1998)(*no perm. app. filed*). In this case, the trial court's award of alimony is based not on documentary evidence or testimony, but on disputed assertions made by counsel in trial memoranda. Additionally, we note that in its November 2004 order the trial court reserved only and specifically the issue of alimony *in solido*. The order did not anticipate an award of alimony *in futuro*.

On appeal, Mr. McDow asserts that he agreed that Ms. McDow would receive the marital home in lieu of alimony or as alimony *in solido*. He further asserts that he was not on notice that the court was considering any form of alimony other than alimony *in solido*, and that he did not agree to the division of property in addition to or as distinct from an award of alimony. Ms. McDow, on the other hand, asserts Mr. McDow agreed to the division of property at the October 2004 hearing, and that the court's instructions to the parties anticipated an additional award of alimony. Ms. McDow's argument, as we understand it, is that Mr. McDow knowingly agreed to the property division regardless of a potential award of alimony.

Upon review of the transcript of the October hearing, we agree that the trial court's statements are ambiguous. However, a court speaks through its written orders, not its oral statements. *E.g., Autry v. Autry*, 83 S.W.3d 785, 788 (Tenn. Ct. App. 2002). Although, at the

---

[2]This section previously was codified at Tennessee Code Annotated §36-5-101(d)(1).

hearing of this matter, the court ordered the parties to submit memoranda addressing alimony, the trial court's written order references only alimony *in solido*. Additionally, we agree with Mr. McDow that his counsel's statements at trial do not indicate an agreement to divide the property so as to provide Ms. McDow the marital home in addition to undetermined alimony *in futuro*. Rather, during the course of discussion of the issue of alimony, counsel for Mr. McDow indicated that her client proposed that the marital home be awarded to Ms. McDow to "more than even out" the disparity in the parties' income.

The transcript in this case is somewhat disjointed. However, it is clear that Mr. McDow sought to keep his retirement fund, valued at approximately $64,000, and that the parties agreed to split all assets exclusive of the marital home. It is also clear that Mr. McDow earns an average annual income of approximately $88,000, and that Ms. McDow's income as a school teacher is approximately $30,000 per year. It is also undisputed that the marital residence is valued at $185,000 to $235,000; that there is no outstanding mortgage on the home other than a home equity loan in the amount of approximately $15,000; and that Mr. McDow agreed to assume liability for the home equity loan, which was used to fund the parties' children's education. Counsel for Mr. McDow unambiguously stated: "We are in favor of alimony *in solido*. We are not in favor of periodic alimony, Your Honor." Counsel also noted that the alimony and property issues were intertwined.

Upon review of the entire record, including the parties' memoranda, we agree that disputed material facts regarding the statutory factors to be considered by the trial court when awarding alimony preclude an award of alimony absent a hearing on the matter. Moreover, as this Court previously has observed, because the distribution of property is a factor to be considered by the court when awarding alimony, the two awards are somewhat intertwined. *See, e.g., Eldridge v. Eldridge*, 137 S.W.3d 1, 23 (Tenn. Ct. App. 2002). We agree with Mr. McDow that, although he agreed that Ms. McDow would receive the marital home debt-free in order to "even out" the economic disparity between them, he did not agree to a property award distinct from or unrelated to an award of alimony. Accordingly, we remand this case to the trial court for further proceedings and reconsideration of the alimony award. Unless the parties reach a settlement, further proceedings shall include the taking of evidence, including testimony and documentary evidence.

### *Holding*

We vacate the trial court's order with respect to the award of alimony *in futuro* to Ms. McDow. This cause is remanded for further proceedings on the issue of alimony in accordance with this opinion. Both parties request an award of attorney's fees on appeal. These requests are denied. Costs of this appeal are taxed to the Appellee, Sara Ciaramitaro McDow.

_____
DAVID R. FARMER, JUDGE