IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 1, 2021

## AMBER LYN ROGERS v. JOSHUA MICHAEL ROGERS, SR.

**Appeal from the Circuit Court for Blount County**
**No. OP-25338       Tammy M. Harrington, Judge**

———————————————————

**No. E2020-00913-COA-R3-CV**

———————————————————

A wife obtained an ex parte order of protection from her estranged husband.  After a hearing, the trial court found that the wife had proven the allegations of domestic abuse by a preponderance of the evidence.  So the court extended the order of protection for one year.  Because the evidence does not preponderate against the trial court's abuse finding, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Andrew Beamer, Knoxville, Tennessee, for the appellant, Joshua Rogers, Sr.

Amber Lyn Rogers, Seymour, Tennessee, pro se appellee.

## MEMORANDUM OPINION[1]

On April 16, 2020, Amber Lyn Rogers ("Wife") filed a Petition for an Order of Protection from her estranged husband, Joshua Michael Rogers Sr. ("Husband").  In her petition, Wife described an altercation that had taken place on September 22, 2019, during which Husband "placed [her] in a wrist lock and dragged [her] up the hill to [her] car as [she was] screaming you are hurting me."  She also related other occasions during which Husband had threatened her with bodily harm.

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case."  Tenn. Ct. App. R. 10.

Finding good cause, a judicial commissioner issued an ex parte temporary order of protection. After a hearing, the Blount County Circuit Court extended the temporary order for one year.

In Tennessee, "[a]ny domestic abuse victim, . . . who has been subjected to, threatened with, or placed in fear of, domestic abuse," may petition for an order of protection. Tenn. Code Ann. § 36-3-602(a) (Supp. 2020). The statute defines "abuse" broadly to include both "inflicting, or attempting to inflict, physical injury on an adult or minor" and "placing an adult or minor in fear of physical harm [or] physical restraint." *Id.* § 36-3-601(1) (Supp. 2020). Abuse becomes domestic abuse when committed against a domestic abuse victim. *Id.* § 36-3-601(4). "[C]urrent or former spouses" qualify as "domestic abuse victim[s]." *Id.* § 36-3-601(5)(A).

The court may issue an ex parte temporary order of protection upon a showing of good cause. *Id.* § 36-3-605(a) (2017). To obtain an extension of the order, the petitioner must establish the allegations of domestic abuse by a preponderance of the evidence. *Id.* § 36-3-605(b).

The trial court found that Husband had abused or threatened to abuse Wife. On appeal, Husband argues that the evidence preponderates against the court's abuse finding.[2] In his view, the evidence more convincingly supports a finding of self-defense. We review the trial court's findings of fact de novo on the record, with a presumption of correctness, unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d). Evidence preponderates against a finding of fact if the evidence "support[s] another finding of fact with greater convincing effect." *See Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001).

Although the court heard from multiple witnesses, Husband and Wife provided the only relevant testimony. As Husband points out, they were the only witnesses to the events of September 22, 2019.

Wife admitted that she arrived at Husband's home uninvited. But she denied being the aggressor. Instead, she maintained that Husband was "violent with her," and she feared him. And she submitted photographic evidence of her injuries.

---

[2] As a secondary issue, Husband complains that the trial court's findings were insufficient. *See* Tenn. R. Civ. P. 52.01. But he suggests we ignore this shortcoming and conduct our own de novo review. *See Lovlace v. Copley*, 418 S.W.3d 1, 36 (Tenn. 2013) (discussing remedies available to appellate court when presented with inadequate findings). The court's findings, while minimal, are sufficient to permit appellate review. *Cf. Westfall v. Westfall*, No. E2017-01819-COA-R3-CV, 2018 WL 2058198, at *2, *4 (Tenn. Ct. App. May 2, 2018) (appellate review not possible when "the court made no findings of fact or conclusions of law regarding the order of protection other than an introductory statement reflecting the date of the petition's filing and the date of hearing").

Husband told a different story. He agreed that he "got into a physical altercation" with Wife outside his home. But he claimed he was defending himself and his property. He even called the police. Based on his report, Wife was charged with aggravated domestic assault. She eventually pled guilty to domestic assault and received judicial diversion.

Determining the preponderance of the evidence on abuse allegations "is largely fact-driven, and dependent on credibility, including demeanor assessments." *Long v. Brown*, No. E2013-00802-COA-R3-CV, 2014 WL 295713, at *5 (Tenn. Ct. App. Jan. 28, 2014). Husband contends that he was the abuse victim, not Wife. But the trial court credited Wife's version of events. *See Richards v. Liberty Mut. Ins. Co.*, 70 S.W.3d 729, 733-34 (Tenn. 2002) (reasoning that the "trial court's findings with respect to credibility and the weight of the evidence . . . may be inferred from the manner in which the trial court resolves conflicts in the testimony and decides the case"). Unlike this Court, the trial court was "able to observe [the] witnesses as they testif[ied] and to assess their demeanor." *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

In weighing the preponderance of the evidence, determinations of witness credibility are given great weight, and they will not be overturned without clear and convincing evidence to the contrary. *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007); *Williams v. City of Burns*, 465 S.W.3d 96, 120 (Tenn. 2015) (explaining that the same standard of review applies to implicit credibility findings). Contrary to Husband's argument on appeal, Wife's guilty plea, standing alone, does not require a finding of self-defense. Witness credibility was critical here. *See Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *6 (Tenn. Ct. App. Mar. 7, 2001). Giving appropriate deference to the court's assessment of credibility, we cannot say the evidence preponderates against the trial court's decision. *See Autry v. Autry*, 83 S.W.3d 785, 788 (Tenn. Ct. App. 2002). So we affirm.

_____s/ W. Neal McBrayer_____
W. NEAL McBRAYER, JUDGE

3