# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 1, 2023 Session

## KAREN ELIZABETH PHILLIPS LOWE v. ROBERT MELVIN LOWE

**Appeal from the Circuit Court for Unicoi County**
**No. C8668    Suzanne Cook, Judge**

_____

### No. E2023-00338-COA-R3-CV

_____

This is a divorce action.  Wife appeals the trial court's division of property and debt and asserts that the trial court erred by not classifying and awarding certain real property in accordance with the parties' stipulations.  She also appeals the trial court's denial of her request for an extension of the order of protection issued against Husband and the assignment of costs to her.  We reverse the trial court's interpretation of the parties' stipulations regarding the classification of real property inherited by Wife.  Because this holding impacts the value of the parties' separate property and the marital estate, we remand for reconsideration of the division of marital assets.  We affirm the trial court's equal division of marital debt and denial of Wife's request for an extended protective order. We vacate the assignment of costs to Wife and remand the case to the trial court.

**Tenn. R. Civ. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed in part; Affirmed in part; Vacated in part; and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and ARNOLD B. GOLDIN, J., joined.

Lois Bunton Shults-Davis, Erwin, Tennessee, for the appellant, Karen Elizabeth Lowe.

Carl Allen Roberts, Jr., Elizabethton, Tennessee, for the appellee, Robert Melvin Lowe.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum

# I. Background and Procedural History

The relevant facts are not disputed. Appellant Karen Elizabeth Phillips Lowe ("Wife") and Appellee Robert Melvin Lowe ("Husband") were married in January 1993. It was Wife's third marriage and Husband's second. No children were born to the marriage. In January 2022, the parties separated, and, in February 2022, Wife was granted a temporary order of protection from the General Sessions Court for Unicoi County. Husband subsequently agreed to the entry of an order of protection from March 8, 2022 through March 8, 2023.

On March 30, 2022, Wife filed a complaint for divorce on several alternative grounds, including inappropriate marital conduct. Husband answered in June 2022 and did not file a counter-complaint. The parties filed statements of property and income and expenses as required by First Judicial Local Rule 9 ("Local Rule 9"). The parties are both retired and receive social security benefits. Neither party sought an award of alimony; Wife requested attorney's fees and costs.

Mediation was unsuccessful, and the matter was heard without a jury in January 2023. At trial, Husband stipulated that Wife had a ground for divorce based on inappropriate marital conduct. The parties also stipulated at trial that "each would keep" certain "inherited interest[s] in [real] property[,]" situated in Erwin (Wife's) and Jonesborough (Husband's), Tennessee.

On February 8, 2023, the trial court entered final judgment in the matter. In accordance with the parties' stipulations at the January hearing, the trial court awarded Wife a divorce on the ground of inappropriate martial conduct. The trial court found that Wife's Local Rule 9 statement of assets did not conform with the rule in either form or substance with respect to the parties' assets and debts. The trial court also concluded that, at the hearing, the parties stipulated that each would "receive possession of certain items of property[.]" The court determined that the parties stipulated that Husband's inherited real property (valued at $1,000,000) and trust fund assets (valued at $10,000) were Husband's separate property.[2] The court determined that the parties' stipulation with respect to the property in Erwin related to possession only and classified it as marital property in accordance with Husband's Local Rule 9 statement. The court accepted Wife's valuation of the Erwin property (*i.e.*, $170,000), awarded possession to Wife, and awarded 40 percent of the value to Husband as his equitable share. The trial court valued Wife's separate property at $13,500. After considering the statutory factors contained in

opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The trial court found that these assets are held by a trust until sometime in 2024.

Tennessee Code Annotated section 34-4-121, the trial court divided the remainder of the parties' property and debt.[3]  The trial court awarded marital property valued at $182,868 to Wife and marital property valued at $144,968 to Husband, inclusive of the parties' respective shares of the property in Erwin.  The trial court also denied Wife's request for an extension of the order of protection and ordered the parties to pay their respective attorney's fees and costs.  Without explanation, the trial court taxed all costs to Wife.  Wife filed a timely notice of appeal.

## II. Issues

Wife raises the following issues for review, as we consolidate and re-state them:

I. Whether the trial court erred in its interpretation of the parties' stipulation regarding their respective inherited real properties.

II. Whether the trial court's division of property and debt was equitable.

III. Whether the trial court erred in declining to extend the protective order issued against Husband.

IV. Whether the trial court erred in assigning costs to Wife.

## III. Standard of Review

This case was tried without a jury.  Accordingly, under Rule 13(d) of the Tennessee Rules of Appellate Procedure, our review of the trial court's findings of fact is *de novo* upon the record with a presumption of correctness unless the evidence preponderates otherwise.  *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 512 (Tenn. 2012).  The evidence preponderates against the trial court's findings of fact when it supports another finding "with greater convincing effect."  *Hardeman Cnty. v. McIntyre*, 420 S.W.3d 742, 749 (Tenn. Ct. App. 2013) (citation omitted).  The trial court's findings of fact must, therefore, contain sufficient underlying facts to clearly disclose the basis of the trial court's determinations.  *Lovelace v. Coley*, 418 S.W.3d 1, 34 (Tenn. 2013) (citations omitted).  We review the trial court's conclusions of law *de novo* with no presumption of correctness.  *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).

---

[3] The trial court found that "[n]o evidence was offered by either party" with respect to several of the statutory factors.

# IV. Analysis

## A. Stipulations

We turn first to whether the trial court erred in its interpretation of the parties' stipulations regarding inherited real property. In her brief, Wife asserts:

> At the commencement of the trial the parties announced and stipulated to certain matters, among them and perhaps most of concern in this appeal, was that each of the parties would retain free from any claim of the other the property they had each inherited from their respective families; for the plaintiff this was her home at 145 Grant Avenue in Erwin, Tennessee, and for defendant this was the 1159 Main Street, Jonesborough, Tennessee, property owned outright and the adjacent acreage subject to a trust along with some $20,000.00 held in trust. The total value of defendant's separate award of property was agreed by the parties to be in excess of $1,000,000.00. Plaintiff s separate property was stated to be valued at $170,000.00.

Wife argues that the trial court erred by interpreting the stipulation to pertain to "possession only[,]" by determining that the property was marital property through the doctrine of transmutation, and by awarding 40 percent of the value of the property to Husband. She additionally argues that the trial court erred by not applying the same interpretation of the parties' stipulation to the Erwin and Jonesborough properties.

Although this Court is hesitant "to say that a trial judge is bound in every case by a stipulation[,] . . . in the absence of a showing that the stipulation resulted from fraud, or a mistake or that it would result in an injustice, we think the parties should be able to select the issues they wish to try." *Duke v. Duke*, No. M2001-00080-COA-R3-CV, 2003 WL 113401, at *2 (Tenn. Ct. App. Jan. 14, 2003). Further, in a divorce action, parties' stipulations regarding their assets may be considered as contracts. *Givens v. Givens*, No. E2016-00865-COA-R3-CV, 2017 WL 4339489, at *8 (Tenn. Ct. App. Sept. 29, 2017). The interpretation of a contract is a question of law that we review de novo with no presumption of correctness afforded to the trial court's conclusions. *Colley v. Colley*, No. M2021-00731-COA-R3-CV, 2022 WL 17009222, at *4 (Tenn. Ct. App. Nov. 17, 2022).

In its final judgment, the trial court stated that "[o]n the morning of trial, the parties had reached some agreements, which were announced as stipulations[.]" With respect to the real properties in Erwin and Jonesborough, the court determined:

> The parties announced who would receive *possession* of certain items of property, which are set forth below. Beyond possession, the Court has categorized the same as separate or marital, set forth the value(s), and made equitable distribution of the same as follows:

a.) Wife shall receive the real property located at 145 Grant Lane, Erwin, Tennessee as her property. Wife values it at $170,000.00. Husband values it at $180,000.00. It is debt free. Per Husband's Rule 9 Statement of Property, it was purchased during the marriage. Therefore, the Court finds it is marital property and awards possession of it to Wife. The Court finds it has a value of $170,000.00. The Court awards $68,000.00 (40% of $170,000) to Husband as his equitable marital share of the same; and

b.) Husband shall receive the real property located at 1159 E. Main Street, Jonesborough, Tennessee as his property. Husband shall also receive the acreage, approximately 40 acres, which is attached to 1159 E. Main Street, Jonesborough, Tennessee as his property, free of any claim or interest by Wife. The Court notes these properties were inherited by Husband through a trust, which is in place through 2024. The Court finds these to be separate property. Both parties value the land and house at $1,000,000.00, which the Court so finds. Husband's Rule 9 Statement identifies $20,000.00 in the trust, of which he is to receive one-half, for a value of $10,000.00. The Court also awards this to Husband as separate property[.]

Turning to the record, at the beginning of the January 2023 hearing, Wife's counsel stated:

One of the largest issues is what are the parties going to do with respect to inherited interest in property. One of those being the house that Ms. Lowe resides in [in] Erwin and then Mr. Lowe has a house in Jonesborough that he has an inherited interest in along with some other farm property, very valuable property. In their agreement they will each keep their own inherited property free from any claim from the other.

After discussion between the trial court and Husband's counsel concerning the composition of Husband's property in Jonesborough, the court stated:

What I have written down as a stipulation is that wife will keep 145 Grant Lane in Erwin, Tennessee as her separate property, free of any claim by husband, and husband will keep 1159 East Main Street, Jonesborough, Tennessee as his property separate and free of any interest and claim by the wife and the acreage which is approximately forty acres which is attached to that address and the trust, which I don't have the trust name in front of me, but we will come to that and I will fill that in, he will keep that property as his own. Is that fair enough?

Wife's counsel affirmatively agreed; Husband's counsel did not disagree; and counsel for both parties and the court discussed similar stipulations regarding other items of property and property values, which the trial court awarded as stipulated.

We agree with Wife that the parties stipulated that Wife would receive the Erwin property—valued at $170,000—as her separate property, and Husband would receive the Jonesborough property and trust fund assets—valued at more than $1,000,000—as his separate property.[4] Accordingly, that portion of the trial court's division of property awarding Husband an interest in Wife's Erwin property is reversed. Wife is awarded the real property in Erwin as her separate property.

### B. Division of Marital Property and Debt

We next turn to Wife's assertion that the trial court's division of the remainder of the parties' property and debt was not equitable. Trial courts have broad discretion when determining an equitable division of the marital estate. *Owens v. Owens*, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007). Therefore, we give great weight to the trial court's determination. *Id.* "[O]ur role is to determine whether the trial court applied the correct legal standards, whether the manner in which the trial court weighed the Tennessee Code Annotated section 36-4-121(c) factors is consistent with logic and reason, and whether the trial court's division of marital property is equitable." *Id.*

Marital debt must be divided equitably. *Smith v. Smith*, 93 S.W.3d 871, 880 (Tenn. Ct. App. 2002). When dividing marital debt, the courts must consider: (1) the purpose of the debt; (2) which party incurred the debt; (3) which party benefitted from incurring the debt; and (4) which party is better able to repay the debt. Tenn. Code Ann. § 36-4-121(i)(1). Here, the trial court determined that the parties incurred marital debt of $131,241.00. It ordered that debt to be satisfied by the sale of the parties' lake property and floating cabin at Sink Valley Road and awarded any remaining proceeds to be equally divided. It also assigned separate debt of $2,005.00 to Husband and found that Wife had not provided the balances due on her credit cards. From our review, we cannot say that the trial court abused its discretion with respect to its division of the parties' marital debt.

The trial court must divide martial assets equitably, without regard to fault, and after considering the factors set-forth in section 36-4-121(c). *Larsen-Ball v. Ball*, 301 S.W.3d 228, 231 (Tenn. 2010). These factors include the value of each parties' separate property. Tenn. Code Ann. § 36-4-121(c)(6). An equitable division of marital property does not require a division that is equal, but one that is fair in light of all the circumstances. *Melvin v. Melvin*, 415 S.W.3d 847, 852 (Tenn. Ct. App. 2011). Additionally, it is not necessary

---

[4] From the record, it appears that Wife inherited the property in 2018, that the parties resided in the property until 2022, and that improvements were made to both the Erwin and Jonesborough properties using marital funds during the course of the marriage.

that each spouse receive a share of each item of marital property. ***Owens v. Owens***, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007). Rather, the trial court must weigh the statutory factors and consider the relevant circumstances to reach an equitable determination. ***Id.*** The fairness of the trial court's division is "inevitably reflected in its results." ***Id.***

As discussed above, the trial court determined that the real property in Erwin was marital property and valued it at $170,000. The trial court awarded Wife possession of the property but awarded Husband equity in the property of $68,000. The trial court awarded Wife marital property valued at $182,867.90 and awarded Husband marital property valued at $144,967.89, amounts which include the Erwin property. In its order, the trial court considered the statutory factors established by Tennessee Code Annotated section 36-4-121(c) and found that the parties offered no evidence regarding several of the factors. It found that with respect to the economic circumstances of the parties at the time of the divorce:

> Husband receives a small sum of rental income from his separate inherited property. Both parties submitted statements of income that presently have more expenses than income. At the time the property is divided, Wife lives in a debt-free residence, while Husband lives in an indebted camper. Wife has made no effort to pay marital debts during the divorce.

With respect to the value of the parties' separate property, the trial court referenced the division of property table attached to the final order. The court valued Wife's separate property at $13,500 and valued Husband's separate property at $1,011,250.

Our holding with respect to the parties' stipulations regarding the classification of the property in Erwin increases the value of Wife's separate property and decreases the value of the marital estate. It also decreases Wife's relative share of the marital estate. Accordingly, we remand this matter to the trial court for reconsideration of the division of marital property in light of the statutory factors, including the value of the parties' separate property.

### C. Protective Order

We next turn to Wife's assertion that the trial court erred by failing to extend the March 2022-March 2023 order of protection prohibiting Husband: (1) from coming about Wife; (2) contacting her directly or indirectly; and (3) from causing damage to her property or property belonging to her children. In its final judgment, the trial court found that "Wife's sole testimony pursuant to this request was that she was afraid Husband would text her ugly things." The trial court determined that her request for an extension of the order was "premature[.]" The court also determined that, "in the alternative, Wife s testimony does not support extension."

Wife asserts that she fears Husband and testified that she is "still afraid everywhere [she] go[es]." She argues that, sixty days before trial, Husband pleaded guilty to slashing Wife's tires and points to her daughter's testimony that Wife refrained from joining her family at the parties' lake property—where Husband was staying—as evidence of her fear. She argues that Husband violated the order of protection by contacting her indirectly through texts to family members and asserts that an extension of the order is appropriate under Tennessee Code Annotated section 36-3-605.

Husband, on the other hand, argues that he was not criminally charged with violating the order of protection. He also argues that Wife did not file a motion asking the court to extend the order as required by the statute and "offered no other testimony than that she was afraid he would start sending her nasty messages again."

As Husband asserts, it appears that Wife did not file a motion to extend the order of protection. At the beginning of the January 2023 hearing, Wife's counsel informed the court that Wife requested an extension of the order. She also informed the court that there was an outstanding judgment of $500 against Husband and in favor of Wife for vandalism. The court asked Husband's counsel whether he objected to the order of protection being made part of the record, and counsel replied that he did not.

On review of the hearing transcript, we observe that Wife stated that she was asking the court to extend the order "because [she knew] as soon as [Husband] gets a chance he will start sending nasty text messages again to me and phone calls. I don't want that. I am still afraid everywhere I go." Wife also testified that she "ha[d] not been able to go to the lake all year because of the Order of Protection and [Husband] didn't leave at any point in time so that I could enjoy it with the kids." Wife's daughter testified that Wife did not visit the parties' lake house while Husband was living there and that "for the most part" she and her husband "just kind of kept to our own and [Husband] kept to his own."

Tennessee Code Annotated section 36-3-605 provides:

(a) Upon the filing of a petition under this part, the courts may immediately, for good cause shown, issue an ex parte order of protection. An immediate and present danger of abuse to the petitioner shall constitute good cause for purposes of this section.

(b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing must be held, at which time the court shall either dissolve any ex parte order that has been issued, or shall, if the petitioner has proved the allegation of domestic abuse, stalking, sexual exploitation of a minor, sexual assault, or a human trafficking offense by a preponderance of the evidence, extend the order of protection for a definite period of time, not to exceed one (1) year, unless a further hearing on the continuation of such order

is requested by the respondent or the petitioner; in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year, after which time a further hearing must be held for any subsequent one-year period. Any ex parte order of protection must be in effect until the time of the hearing, and, if the hearing is held within fifteen (15) days of service of such order, then the ex parte order must continue in effect until the entry of any subsequent order of protection issued pursuant to § 36-3-609. If no ex parte order of protection has been issued as of the time of the hearing, and the petitioner has proven the allegation of domestic abuse, stalking, sexual exploitation of a minor, sexual assault, or a human trafficking offense by a preponderance of the evidence, then the court may, at that time, issue an order of protection for a definite period of time, not to exceed one (1) year.

(c) The court shall cause a copy of the petition and notice of the date set for the hearing on such petition, as well as a copy of any ex parte order of protection, to be served upon the respondent at least five (5) days prior to such hearing. An ex parte order issued pursuant to this part shall be personally served upon the respondent. However, if the respondent is not a resident of Tennessee, the ex parte order shall be served pursuant to §§ 20-2-215 and 20-2-216. Such notice shall advise the respondent that the respondent may be represented by counsel. In every case, unless the court finds that the action would create a threat of serious harm to the minor, when a petitioner is under eighteen (18) years of age, a copy of the petition, notice of hearing and any ex parte order of protection shall also be served on the parents of the minor child, or in the event that the parents are not living together and jointly caring for the child, upon the primary residential parent, pursuant to the requirements of this section.

(d) Within the time the order of protection is in effect, any court of competent jurisdiction may modify the order of protection, either upon the court's own motion or upon motion of the petitioner. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, and is found to be in violation of the order, the court may extend the order of protection up to five (5) years. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, and is found to be in a second or subsequent violation of the order, the court may extend the order of protection up to ten (10) years. No new petition is required to be filed in order for a court to modify an order or extend an order pursuant to this subsection (d).

It appears that the protective order in this case was not an ex parte order, but an agreed order. It also appears that, in November 2022, Husband pleaded guilty to vandalism

- 9 -

in an amount less than $1,000.

The legislature's intent with respect to the order of protection statutes is set-forth in Tennessee Code Annotated section 36-3-618. The section provides:

> The purpose of this part is to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse. A further purpose of this chapter is to recognize that in the past law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers. Thus, the general assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and prevent further harm to the victim, and the official response shall communicate the attitude that violent behavior is not excused or tolerated.

The procedural requirements of section 36-3-605 aside, there are no allegations of domestic violence, assault, or stalking in this case. We have emphasized that an order of protection is only appropriate if "'there is sufficient evidence that the victim needs the protection available.'" *Autry v. Autry*, 83 S.W.3d 785, 787 (Tenn. Ct. App. 2002) (quoting *Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *5 (March 7, 2001 Tenn. Ct. App.)). Whether to extend an order of protection is within the discretion of the trial court, and we will not set-aside the court's judgment absent an abuse of discretion. *Whitaker v. Devereaux*, No. E2017-01812-COA-R3-CV, 2018 WL 1905971, at *2 (Tenn. Ct. App. Apr. 23, 2018). From the totality of the circumstances, we cannot conclude the trial court abused its discretion by declining to extend the order of protection in this case.

### D. Assignment of Costs

We review a trial court's assignment of costs for an abuse of discretion. *Perdue v. Green Branch Min. Co., Inc.*, 837 S.W.2d 56, 60 (Tenn. 1992); *Humphrey v. Humphrey*, No. 01-A-01-9802CV00109, 1999 WL 452318, at *6 (Tenn. Ct. App. July 1, 1999). "In order to ascertain whether a trial court's decision constitutes an abuse of discretion, we review the decision to determine whether the factual basis is properly supported by the evidence in the record, whether the trial court properly identified and applied the most appropriate legal principles applicable to the decision, and whether the court's decision was within the range of acceptable alternate dispositions." *Bowman v. Benouttas*, 519 S.W.3d 586, 596 (Tenn. Ct. App. 2016).

As Wife submits, the trial court awarded her a divorce on the ground stipulated by Husband, and neither party requested alimony. The trial court made no findings and offered no rationale regarding its assignment of costs against Wife. Accordingly, we are

unable to determine whether the trial court abused its discretion and vacate the assignment of costs against Wife. The court may re-visit this issue on remand; however, the trial court should endeavor to make sufficient findings in compliance with Tennessee Rule of Civil Procedure 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. . . .").

## V. Conclusion

For the foregoing reasons, the trial court's interpretation of the parties' stipulation regarding their respective inherited properties is reversed. On remand, Wife shall be awarded the real property in Erwin as her separate property, and Husband shall be awarded the real property in Jonesborough as his separate property—each free of any claim by the other party. Because this application of the parties' stipulation may affect the trial court's equitable division of marital property, we also reverse that portion of the trial court's order and remand for reconsideration of the division of marital property in view of the award of the inherited properties as stipulated by the parties. The trial court's assessment of costs against Wife is vacated. Although the trial court may revisit the assessment of costs on remand, it should take caution to make sufficient findings as required by Tennessee Rule of Civil Procedure 52.01. The trial court's order is otherwise affirmed, including its division of the marital debt and its denial of Wife's motion to extend the order of protection. Costs of the appeal are assessed one-half to the Appellant, Karen Elizabeth Phillips Lowe, and one-half to the Appellee, Robert Melvin Lowe, for all of which execution may issue if necessary.

       s/ Kenny Armstrong
       KENNY ARMSTRONG, JUDGE