IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 17, 2025 Session

**MATTHEW L. ARMITAGE v. ANDREA L. KASULIS**

**Appeal from the Circuit Court for Knox County**
**No. 160792        Gregory S. McMillan, Judge**
_____

**No. E2024-01906-COA-R3-CV**
_____

**CONCURRING OPINION**

JOHN W. MCCLARTY, J., concurring.

The majority provides a well-researched analysis of the interplay between the legislative purpose of a statute and its actual operation in the court system. However, I depart from the majority's thoughtful conclusion as applied to the order of protection statutes, which I view as a statutory anomaly with a distinct objective and purpose that requires judicial adherence.

The stated purpose of the statutes at issue is as follows:

> The purpose of this part is to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse. A further purpose of this chapter is to recognize that in the past law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers. Thus, the general assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and *prevent further harm to the victim*, and the official response shall communicate the attitude that violent behavior is not excused or tolerated.

Tenn. Code Ann. § 36-3-618 (emphasis added). Accordingly, these statutes were enacted solely to protect victims that were, in the past, dismissed by law enforcement and left to defend themselves from violent perpetrators. While the statutes have expanded to include additional types of victims with varying degrees of relationships with their perpetrators, the purpose has always remained the same: (1) to protect and (2) to prevent further harm to a specific class of victims.

Accordingly, once an order of protection is issued,

[a] copy of any order of protection and any subsequent modifications or dismissal shall be issued to the petitioner, the respondent, the local law enforcement agencies having jurisdiction in the area where the petitioner resides, and any court other than the issuing court in which the respondent and petitioner are parties to an action. The petitioner and respondent shall notify the judge of any such court. Upon receipt of the copy of the order of protection or dismissal from the issuing court or clerk's office, the local law enforcement agency shall take any necessary action to immediately transmit it to the national crime information center.

Tenn. Code Ann. § 36-3-609. Entry of an order of protection thereby establishes a public court record that is discoverable in a background check by future employers, housing rental agencies, and other entities. The order itself also exposes the respondent to "an array of restrictions, including severe limitations on his or her Second Amendment rights." *Luker v. Luker*, 578 S.W.3d 450, 461 (Tenn. Ct. App. 2018). Accordingly, this court has always held that "an order of protection is appropriate only where there is sufficient evidence that the victim needs the protection available." *Autry v. Autry*, 83 S.W.3d 785, 787 (Tenn. Ct. App. 2002) (quoting *Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *5 (Tenn. Ct. App. Mar. 7, 2001)).

Here, Plaintiff stated that the most "terrifying" threats made during the confrontation involved the women stating that they would tell his family and employers about his deception toward them regarding their sexual relationships. He further noted that they advised that their families and friends would "beat him up" upon learning of his behavior and that they might just "beat[] him up" that night "right then and there." However, he admitted that they never touched him during the confrontation, that he maintained possession of his cellular telephone during the entire event, and that he freely walked out the door at the end of the discussion. He likewise agreed that he shifted his chair "to face the exit . . . in case I felt threatened to the point that it was imminent, immediate danger." He acknowledged that Miss Kasulis advised that she would never see him again and that Miss Hale sent him a text message advising him that she was "blocking him." He admitted that he has not seen or heard from either defendant since that night.[1]

Citing *Dulany v. Chico*, E2022-00047-COA-R3-CV, 2023 WL 2253373, at *3–4 (Tenn. Ct. App. Feb. 28, 2023), the trial court held that the issuance of an order of protection was not warranted given the circumstances presented, namely Plaintiff failed to establish that he needed an order of protection to prevent further harm. Plaintiff argues on

---

[1] Plaintiff stated that Miss Hale's father contacted his mother shortly after the incident. He did not reveal the substance of their conversation.

appeal that this court's decision in *Chico* was an impermissible extension of the order of protection statutes and that the trial court's reliance on *Chico* was error.[2] I believe a careful reading of *Chico* establishes that this court did not add an additional element to the order of protection statutes as argued by Plaintiff. Rather, the panel in *Chico* considered the legislative purpose of the order of protection statutes before ultimately determining that the plaintiff was not in need of the protection afforded by the order of protection statutes. 2023 WL 2253373, at *3–4. As discussed previously, the legislative purpose behind the statutes is (1) to protect and (2) to prevent further harm to the victim. Tenn. Code Ann. § 36-3-618. In deference to this legislative intent under these circumstances, I would likewise conclude that there was insufficient evidence to establish that Plaintiff needed the protection available, regardless of whether an ex parte order of protection had been issued prior to the hearing. Accordingly, I respectfully concur.

_____
JOHN W. MCCLARTY, JUDGE

_____

[2] Plaintiff also argues that the trial court failed to consider the alternative ground of stalking. The record reflects that Plaintiff marked the ground of stalking on the petition filed against Miss Hale but then scratched out the mark and did not argue the ground of stalking at the hearing. Moreover, an order of protection based upon the ground of stalking requires evidence of repeated or continued harassment—sufficient facts to establish this ground were not submitted at the hearing. Tenn. Code Ann. § 39-17-315(a). ("'Stalking' means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested[.]").